HARRIS v. PELLENZ.

1. SALES—DELIVERY—DELIVERY TO AGENT.
   A delivery through carriers and a warehouseman to a drayman, to whom the purchaser of goods has by written order directed the warehouseman to deliver all his freight, is a delivery to the purchaser, regardless of whether such purchaser ever actually receives the goods.

2. SAME—DELIVERY—GOODS NOT ORDERED—ACCEPTANCE.
   A shipment of 25 gallons of Montezuma Bitters, on an order for 10 gallons of Nectar Bitters, may be rejected by the purchaser, acting promptly, but where he does not deny receiving the invoice and bill of lading sent him by mail on the date of shipment, and a drayman with general authority to receive all his freight receives the goods, and no attempt at rejection is claimed, the rights of the parties are the same as though the goods had been delivered to the purchaser in person, though he claims never to have received them.

Error to Cheboygan; Shepherd, J. Submitted October 18, 1906. (Docket No. 101.) Decided December 3, 1906.

Assumpsit by Marcus Harris against Joseph Pellenz for goods sold and delivered. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Affirmed.

*Benjamin & Quay,* for appellant.

*Frost & Sprague,* for appellee.

BLAIR, J. Plaintiff brought this action to recover for one-half barrel of "Montezuma Bitters," containing 25½ gallons, shipped by plaintiff to defendant upon his order for 10 gallons of "Nectar Bitters." Plaintiff proved the actual delivery of the bitters, through various common carriers and the warehouseman at the dock in Cheboygan, to Harry Hayden, a drayman, to whom defendant had by written order directed the warehouseman to deliver all his freight. The drayman paid the freight on the bitters, removed it from the warehouse at the dock, and his testimony tends strongly to show that he delivered it to defendant at his saloon; but defendant denied receiving it at any time. On the same day that plaintiff shipped the bitters, he mailed to defendant the bill of lading and invoice thereof in an envelope properly addressed and postage prepaid. Defendant did not deny receiving this envelope and contents. On motion of plaintiff's counsel at the close of the testimony the court directed a verdict in favor of plaintiff, and defendant brings the record to this court for review upon writ of error.

Defendant relies upon the single assignment of error that the court erred "in granting plaintiff's motion to direct a verdict for $58.38, being the value of the goods as claimed to have been delivered to defendant."

We agree with the circuit judge in the conclusion that the evidence conclusively shows that the bitters were delivered to Hayden; that Hayden was the agent of defendant to receive any freight consigned to defendant, and not an independent contractor; and that delivery to him was,

in the eye of the law, a delivery to defendant, regardless of whether he actually received the goods.

While defendant might have been justified in refusing to accept the goods, if he had exercised that right with reasonable promptness, the delay in this case has been such that he must be deemed to have accepted them as against the plaintiff, who was not responsible for his delay or his failure to receive the bitters.

Defendant having failed to limit the authority of his agent in receiving freight consigned to him, and plaintiff's goods having been received by such agent, the rights of the parties must be held to be the same as though the goods had been delivered to defendant in person.

The judgment is affirmed.

CARPENTER, C. J., and MCALVAY, GRANT, and MOORE, JJ., concurred.